# Richmond

## WILLIAM C. GLOTH V. MARJORIE S. GLOTH, ET ALS.

March 24, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*John S. Barbour,* for the appellant.

*Carlin & Carlin* and *Leslie C. Garnett,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This is a sequel to the case of *Gloth* v. *Gloth,* decided by this court on June 12, 1930, reported in 154 Va. 511, 153 S. E. 879, 71 A. L. R. 700.

At the threshold of the case we are met with a motion to dismiss, upon the ground that "this court is without juris-

diction, no bill of exceptions having been presented to the judge within sixty days as required by sections 4929 and 6252 of the Code of 1919, nor any certificate in lieu thereof signed by him within the time as required by section 6253."

Section 4929 provides that a defendant, in a contempt proceeding, shall tender to the trial court, or the judge thereof, a bill of exceptions, or in lieu thereof a certificate as required by section 6253 of the Code. Under the provisions of sections 6252 and 6253, the bill of exceptions, or certificate, must be signed within the time required by law, and made a part of the record. These sections relate to contempt proceedings instituted by the issuance of a rule, which are prosecuted to "preserve the power and vindicate the dignity of the court," and have no reference to contempt proceedings involving the preservation and enforcement of the rights of private parties where no rule has been issued against the delinquent party to show cause why he should not be punished for his disobedient act.

The distinction between the two classes of contempt proceedings has been clearly drawn by Mr. Justice Holt in *Roanoke Water Works Company* v. *Roanoke Glass Company*, 151 Va. 229, 144 S. E. 460, 462. There we read: "Proceedings for contempt of court are of two classes—those prosecuted to preserve the power and to vindicate the dignity of the court, and those instituted to preserve and enforce the rights of private parties. The former are criminal and punitive in their nature; the latter are civil and remedial."

In no sense does this present proceeding involve the action of the trial court in a criminal action against appellant for a disobedience of its decree. No rule has ever been issued against appellant to show cause why he should not be punished for his alleged contempt; no trial upon that issue alone has ever been had. In the former opinion of this court it was held that appellant was in contempt of court for the reason that he had failed to pay certain sums of

alimony decreed against him, and the case was remanded in order to give him an opportunity to purge himself of his alleged contumacious act before any action should be taken on his bill of complaint filed against appellee. Upon the remand of the case, on September 12, 1930, appellant presented to the trial court his petition which set forth certain payments which he alleged should be credited on the amount of alimony then due, and praying, among other things, that he be purged of any charge of contempt, and that he be permitted to proceed to a final decree.

Appellee objected to the filing of the petition, on the ground that as a prerequisite to the filing of the petition asking to be purged of contempt, appellant must have paid all sums past due under the provisions of the decree entered in the suit of Marjorie Gloth against appellant, without reference to the alleged credits claimed by appellant. The court sustained the objection, and, by decree, refused to allow the petition to be filed. From that decree an appeal was allowed.

In our opinion this is not a proceeding involving a question of criminal contempt. The case is here on an appeal from a decree which only calls in question the exercise of the discretion of the trial court in a pending chancery cause not to proceed further while the appellant is, in the opinion of the court, guilty of contempt. It was unnecessary to file either bills of exception or a certificate to bring the case to this court.

The motion to dismiss is denied.

The facts pertaining to this litigation have been fully stated in the former opinion, and will not be here repeated.

The disposition of the present appeal hinges upon the proper interpretation of two sentences in the prior opinion. The first sentence reads: "It was his (appellant's) duty to have continued to comply with the order of the court that he pay to Mrs. Gloth the sum of $50.00 per week for

the support and maintenance of herself and child *until the same was changed, modified or revoked by the court, and he was and is in contempt of the court in that he has not done so."* (Italics added.)

That language must be understood as applying to the case then made out by the record before us. The record consisted of (1) the petition (or bill) and the exhibits there- with filed; (2) the temporary restraining order and orders continuing it in effect; (3) the demurrer; and (4) the final decree sustaining the demurrer and dismissing the bill.

What then was decided by this court in the sentence above quoted? Two questions only—

(1) That the facts pleaded by appellant in his bill of complaint did not give him the right to discontinue payments of the weekly sum of $50.00 to appellee until the decree of July 10, 1928, was revoked or so changed or modified by the trial court as to authorize appellant to cease making the said payments, or to withhold the payments pending a determination of the matter.

(2) That the temporary restraining order did not so change or modify the decree of July 10, 1928, as to authorize appellant to cease to make these payments or to withhold the making of them *pendente lite.*

■ This court did, however, further hold in that connection, that appellant's contempt was in assuming to disregard the decree of the court, and that the fact that he did so without any intention of showing contempt for the decree of the court did not prevent his disobedience of the decree from being a contempt. This court did not, as claimed by appellee, direct the lower court to refuse to permit appellant to proceed with his suit against appellee until he had paid to her the weekly sum of $50.00 from March 7, 1928, until the time that he sought to proceed further with his suit; but it did, in the second sentence herein involved, direct the lower court to proceed as follows:

"The court should refuse to proceed further * * * until the appellant has purged himself of his contempt by paying * * * *such* sums past due under the provisions of said decree *as* the trial court *after a hearing* with reference thereto *shall require.*" (Italics added.)

The language was used advisedly. It was intended to leave the trial court free to consider facts which might be presented to it, and also to use a sound discretion in the matter. The language used is *such* sums past due as the court shall require, not *all* sums which the court shall find to be past due and unpaid.

The petition presented by appellant pleads certain payments made by him, which, if proved, entitled him to credit in determining the amount in which he is in default.

It was the clear intention of this court that appellant be granted a hearing, before judgment, and that upon such hearing, either by the trial court or by a reference to a commissioner, he should be credited by all sums paid by him to which, in equity and good conscience, he would be entitled in a settlement with appellee.

The decree complained of must be reversed, and this cause is remanded with direction to the trial court to permit appellant to file a petition dealing exclusively with the question of contempt, to grant appellant a hearing thereon, and to fix in dollars and cents the amount he must pay to purge himself of his contempt of the court.

*Reversed and remanded.*